# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RONALD A. GUZMÁN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4568 | DATE | 9/17/04 |
| CASE TITLE | Harry McDonald (K-77375) v. Dorothy Brown | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss [16] is granted in part and denied in part. Plaintiff's motion for summary judgment for deprivation of constitutional rights [27] is denied. Plaintiff's motion for demand of jury trial [19] is denied as moot because he has a demand on record. Plaintiff's motion to strike defendant's 12(b)(6) motion to dismiss [28] is construed to be a response to defendant's motion to dismiss and plaintiff's motion to over-rule defendant's response to plaintiff's motion for summary judgment [35] is construed to be a reply. The clerk is directed to administratively terminate both [28, 35] as a motions. Plaintiff's motion for sanctions against defendant pursuant to Fed.R.Civ.Pr. 11 and Fed.R.Civ.Pr. 37 [36] is denied.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 20 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| CLH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN ILLINOIS



DOCKETED

SEP 2 0 2004

| | | |
|---|---|---|
| HARRY McDONALD | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 03 C 4568 |
| | ) | |
| DOROTHY BROWN | ) | Judge Ronald A. Guzmán |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harry McDonald, currently an inmate at Dixon Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Dorothy Brown, the Clerk of the Circuit Count of Cook County, refused to file his petition for post-conviction relief in violation of his First Amendment right of access to the court.

## BACKGROUND FACTS

The following facts are drawn from Plaintiff's complaint. Plaintiff alleges that on June 21, 2002, he sent his petition for post-conviction relief to Defendant. He also sent copies to the State's Attorney and the Clerk of the Appellate Court. For about the next nine months, Plaintiff wrote Defendant numerous times about his petition for post-conviction relief. The petition was never sent back to him, which was his first request, Defendant was allegedly never responsive any of his questions, and the petition was never filed.

Plaintiff filed this action on July 1, 2003, seeking an order from this court compelling Defendant to file his petition for post-conviction relief. He also asked for money damages.

On December 22, 2003, Defendant filed a motion to dismiss arguing, *inter alia*, that

1



Plaintiff's cause of action was now moot because his petition for post-conviction relief had been filed on October 30, 2003. However, Defendant did not provide any documentation that the petition had been filed, which, as a matter of public record, would not have converted the motion to dismiss to a motion for summary judgment. Plaintiff filed a motion for summary judgment and a motion to strike Defendant's motion to dismiss. The court ordered Defendant to respond to Plaintiff's motion for summary judgment and to provide a copy of the docket for plaintiff's petition for post-conviction relief and a copy of the decision dismissing the post-conviction.

## **LEGAL STANDARD**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court assumes that well-pleaded allegations are true and draws all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

However, while it is often said that a claim may be dismissed only if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spalding,*

467 U.S. 69, 73 (1984)), the Seventh Circuit has observed that this maxim "has never been taken literally." *Kyle v. Morten High School*, 144 F.3d 448, 455 (7th Cir. 1998) (*quoting Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984)). All plaintiffs – whether *pro se* or represented – must include in the complaint allegations concerning all material elements necessary for recovery under the relevant legal theory. *Chowla v. Klapper*, 743 F. Supp. 1284, 1285 (N.D. Ill. 1990).

A court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (*citing United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

In addition, for a *pro se* plaintiff the court considers the allegations contained in all documents filed with the court. *See Gutierrez v. Peters*, 111 F.3d 1364, 1367 & n. 2 (7th Cir. 1997); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992). Documents attached to a pleading are considered to be part of the pleadings if they are referred to in the Plaintiff's complaint and are central to his claim. *See Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431-32 (7th Cir. 1993); *see also Wright v. Associated Ins. Co., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).

## **DISCUSSION**

Prisoners have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, in order to state a claim, a prisoner must demonstrate that the deprivation he suffered hindered his efforts to pursue a legal claim and resulted in actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (an injury exists, for example, where inadequacies at the law library might cause a plaintiff's complaint to be dismissed for failure to satisfy some technical

requirement, or where he was unable even to file a complaint).

In this case, Plaintiff was convicted of aggravated arson and first degree murder on October 18, 1999, and sentenced to life imprisonment. On May 1, 2002, the Illinois Appellate Court affirmed Plaintiff's conviction. On June 28, 2002, Defendant Clerk of the Circuit Court received the document in question. This document, attached to Defendant's response to Plaintiff's motion for summary judgment as Exhibit 2, is headed "Illinois Post-Conviction Petition." However, the first paragraph of the document under the heading "Prayer for Leave to Appeal" reads:

> Your Petitioner, Harry McDonald, pro se, respectfully petitions this Honorable Court for leave to Appeal pursuant to Supreme Court Rule 315, from the judgment of the Appellate Court of Illinois, 1st District, which affirmed the judgment of conviction entered by the Circuit Court of Cook County, Illinois, upon the Judge/Jury finding the petitioner guilty of Aggravated Arson and First Degree Murder.

On October 30, 2003, this document was filed. On November 19, 2003, the Honorable Stanley J. Sacks reviewed this document and dismissed it because it did not comply with 725 ILCS 5/122-1(d), which requires a petitioner to specify in the petition or its heading that it is filed under this Section.

Because the document was filed during the course of these proceedings, Plaintiff's request for an order compelling Defendant to file his petition for post-conviction relief is now moot. Moreover, if the document had not been filed, this court would have had to stay any such injunctive relief until Plaintiff's state criminal prosecution was resolved pursuant to the dictates of *Younger v. Harris*, 401 U.S. 37, 52-54 (1971).

This leaves Plaintiff's claim for money damages. As noted earlier, a Plaintiff must demonstrate that any such delay resulted in actual damages. *Lewis*, 518 U.S. at 351. In addition,

federal courts generally abstain from interfering with ongoing state criminal prosecutions, even in the context of a § 1983 suit for damages. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995 (applying the *Younger* abstention doctrine to claims for damages that might undermine ongoing prosecution and recognizing a stay rather than dismissal as appropriate method of abstention).

The court is unable to tell from the record before it whether Plaintiff's criminal proceedings are now completed and cannot determine whether the delay in filing the document he denoted as a "Illinois Post-Conviction Petition" resulted in actual damage. In particular, the court does not know if Plaintiff appealed Judge Sack's dismissal of the document filed on October 30, 2003, or what the status is of any such appeal.

The court accordingly grants Defendant's motion to dismiss as to injunctive relief and denies the motion as to any claim for damages. Plaintiff is given 30 days to file a statement as to the status of his criminal prosecution, including any and all appeals of his conviction. If all of Plaintiff's state criminal proceedings have been completed, then Plaintiff must state briefly how the delay in filing the document prejudiced him. If Plaintiff does not file this statement, the court will dismiss this action.

Plaintiff's motion for summary judgment is denied as premature as there is no evidence before this court that the delay in filing the document received by Defendant on June 28, 2002, resulted in any actual prejudice to Plaintiff. Plaintiff is advised that motions for summary judgment must comply with the Local Rule 56.1 of this court.

Plaintiff also moves for sanctions against Defendant because the court had directed Defendant to file a copy of the decision dismissing the petition for post-conviction relief, which Defendant's counsel did not do. Although Defendant's counsel did not file the decision, Plaintiff

attached the decision in his reply to Defendant's response. The court therefore had the decision before it. Plaintiff also claims that Defendant did not file a complete copy of the document because some of the pages were two-sided and only one side was copied. Although this shows some lack of attention to detail on the part of Defendant's counsel, it is not a matter warranting sanctions. Defendant's counsel is advised to review carefully exhibits presented to the court in the future.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in part and denied in part. Plaintiff's motion for summary judgment and motion for sanctions are denied.

**SO ORDERED**  ENTERED:  9/17/04

*[signature]*

**HON. RONALD A. GUZMÁN**

**United States Judge**