

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN ILLINOIS

| | |
|---|---|
| HARRY McDONALD | ) |
| Plaintiff, | ) No. 03 C 4568 |
| v. | ) Judge Ronald A. Guzmán |
| DOROTHY BROWN | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Harry McDonald, currently an inmate at Dixon Correctional Center, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Dorothy Brown, the Clerk of the Circuit Court of Cook County, refused to file his petition for post-conviction relief in violation of his First Amendment right of access to the courts. On September 17, 2004, the Court granted Defendant's motion to dismiss in part, determining that Plaintiff's request for an order compelling Defendant to file his petition for post-conviction relief was moot because the document at issue had been filed during the course of the instant proceedings. However, the Court denied Defendant's motion to dismiss Plaintiff's claim for money damages because the Court could not determine whether the delay in filing the petition resulted in actual damage. Defendant has filed a second motion to dismiss to which Plaintiff has responded. For the following reasons, Defendant's motion to dismiss is granted.

1

## BACKGROUND FACTS

Plaintiff alleges that on June 21, 2002, he sent his petition for post-conviction relief to Defendant. He also sent copies to the State's Attorney and the Clerk of the Appellate Court. For about the next nine months, Plaintiff wrote Defendant numerous times about his petition for post-conviction relief. The petition was never sent back to him, Defendant was allegedly never responsive to any of his questions, and the petition was never filed.

Plaintiff filed this action on July 1, 2003, seeking an order from this Court compelling Defendant to file his petition for post-conviction relief. He also asked for money damages.

On December 22, 2003, Defendant filed a motion to dismiss arguing, *inter alia*, that Plaintiff's cause of action was moot because his petition for post-conviction relief had been filed on October 30, 2003, and was scheduled to be heard by Judge Stanley Sacks of the Circuit Court of Cook County, Illinois.

Judge Sacks dismissed the motion under 725 Ill. Comp. Stat. 5/122-1(d) because Plaintiff failed to state correctly under which section he was applying for relief. (Def.'s Ex. 1.) Plaintiff appealed this dismissal, and on May 29, 2007, the Illinois Appellate Court reversed and remanded, holding that although the petition did not expressly cite to the section of the Post-Conviction Hearing Act governing pleading requirements, it adequately informed the trial court that the petition was being filed pursuant to the Act. *See People v. McDonald*, 869 N.E.2d 945 (2007). The Illinois Appellate Court determined that the petition must be remanded for stage-two proceedings, thus requiring the trial court to appoint legal counsel to represent an indigent defendant. *Id.* at 936-37, 949-50.

Because no further information is currently available to the Court, it appears that Plaintiff's petition for post-conviction is now pending before the trial court after remand and that Plaintiff is represented by counsel.

## **LEGAL STANDARD**

A motion to dismiss a complaint for failure to state a claim upon which relief may be granted involves two considerations. First, under the notice pleading requirement, this Court must determine whether the complaint sufficiently provides the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Federal rules follow a notice pleading, as opposed to a fact pleading, requirement. The pleading of extensive specific facts is not required, and the complaint need only state a legal claim and provide "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004); *see also Bell Atlantic*, 127 S. Ct. at 1964-65. Second, the complaint's "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (quotation omitted).

This Court liberally construes a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). When considering a motion to dismiss, this Court takes the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

3

The Court may take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (*citing United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)).

## DISCUSSION

As noted earlier, the only issue remaining in this action is whether Plaintiff has a claim against Defendant in her individual capacity for damages for the delay in filing his petition for post-conviction relief.[1] It is well established that state officials cannot unreasonably interfere with an inmate's right of access to the courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, a plaintiff claiming denial of access to the courts must show "actual injury" – that is, that a state actor hindered plaintiff's efforts to pursue a nonfrivolous legal claim. *Id.* at 351-52; *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999). In this case, Plaintiff cannot meet his burden without showing that his criminal conviction has been reversed.

In *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999), an inmate sued correctional officials for violating his constitutional right of access to the courts, claiming that defendants had hindered his efforts to litigate a post-conviction petition. The Court of Appeals affirmed the district court's dismissal of the lawsuit on the basis of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which bars suits for damages on any theory that implies the invalidity of a non-reversed conviction. The Court

---

[1] Plaintiff's request for injunctive relief was satisfied during the course of the state proceedings, and he cannot assert a section 1983 damage claim against defendant in her official capacity because the statute does not authorize such claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.").

4

of Appeals held: "In a case such as *Heck*, where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated." *Hoard*, 175 F.3d at 534.

By the same token, in *Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998), an inmate brought suit against a prison property clerk for misdirecting a box containing plaintiff's legal documents. Plaintiff blamed the loss of his legal papers for the ensuing denial of his motion to withdraw a guilty plea. The Court of Appeals analyzed plaintiff's request for damages as follows:

> [The plaintiff] does not protest an ongoing hindrance. . . . . Only damages are available. But damages for what injury? If the injury in question is losing the underlying case, then *Heck* . . . comes into play. *Heck* holds that a damages remedy that necessarily implies the invalidity of a criminal conviction . . . is impermissible while that conviction stands. Nance pleaded guilty; his motion to withdraw the plea was denied; and although the prison's unconstitutional hindrance of his efforts to withdraw the plea (if that is what occurred) would be a good ground for a new hearing on the motion to set aside the plea, it would not establish that Nance is entitled to damages for wrongful incarceration – not unless he went to trial and was acquitted, or the invalidity of his incarceration was established in some other fashion. The holding of *Lewis* that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner in Nance's position must have the judgment annulled before damages are available. . . .

*Nance*, 147 F.3d at 591.

In short, Plaintiff would be entitled to damages for the purported infringement of his access to the courts only if he could establish that it resulted in the loss of his underlying post-conviction petition. However, Plaintiff cannot pursue what amounts to a collateral attack against his criminal conviction by way of a civil rights action. Because Plaintiff's underlying conviction stands, the Court cannot consider his request for monetary damages in connection with the alleged denial of access to the courts.

5

Plaintiff argues that the delay in filing his petition for post-conviction relief prejudiced him because he had to file the instant lawsuit in order to compel Defendant to file his petition, and this cost him time, money, and research. It is regrettable that Plaintiff had to resort to filing this case before his petition was filed; however, the type of prejudice envisioned in the case law is the dismissal of a complaint or an inability to file a complaint at all. *See Lewis*, 518 U.S. at 351. Plaintiff's petition for post-conviction relief was filed, albeit 16 months after he attempted to file it. Moreover, mere delay without more does not establish actual injury. *See Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995).

In reversing and remanding Plaintiff's petition for post-conviction relief, the Illinois Appellate Court expressed its displeasure with the long delay in filing Plaintiff's petition, stating:

> Our disposition of this appeal does not require us to address a serious issue raised by the defendant: whether the clerk's 16-month delay between filing the petition and docketing it violates the spirit and purpose of the 90-day rule, requiring us to remand the petition for second-stage review. Hopefully, we will not again be faced with so substantial a failure by the clerk to perform her statutory duty to "promptly" docket the petition.

Nonetheless, Plaintiff cannot recover monetary damages in this case, no matter how egregious the delay in filing his petition for post-conviction relief, because he would have to establish that his underlying conviction is invalid in order to show that hist post-conviction litigation was prejudiced. Consequently, the Court finds that the complaint must be dismissed as a matter of law. Because the Court finds that the plaintiff has no cognizable cause of action under 42 U.S.C. § 1983, the Court has no occasion to reach such the question of whether a court clerk is entitled to quasi-judicial immunity. *See Richman v. Sheahan*, 270 F.3d 430, 437 (7th Cir. 2001).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [doc. no. 70] is granted, and this action is dismissed without prejudice.

SO ORDERED.                    ENTERED: 3/18/08

HON. RONALD A. GUZMÁN
United States District Judge